UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TIMOTHY SCOTT McCANE,**

      **Plaintiff,**

                              **Civil Action 2:12-cv-00067**
**v.**                         **Judge Edmund A. Sargus**
                             **Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Timothy Scott McCane, who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner of Social Security ("Commissioner").  The Commissioner found that Plaintiff was not disabled and, therefore, not entitled to Disability Insurance Benefits under the Social Security Act.  This matter is before the Court on Defendant's Motion to Dismiss Untimely Complaint, or Alternatively, Motion for Summary Judgment.  (ECF No. 17.)  Plaintiff filed his Opposition on May 30, 2012.  (ECF No. 20.)  For the reasons that follow, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**.  It is further **RECOMMENDED** that Defendant's alternative Motion for Summary Judgment be **DENIED** as moot.

## I.  BACKGROUND

On February 4, 2009, Plaintiff filed an application for disability insurance benefits alleging that he had been disabled since January 13, 2005.  (ECF No. 4-1, at 3.)  On April 4, 2011, after an administrative hearing, the Administrative Law Judge ("ALJ") denied Plaintiff's

claim. *Id.* at 10. On October 27, 2011, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. *Id.* at 11. That same day, the Appeals Council sent a notice of its action to Plaintiff by United States mail. (Def.'s Mot. Ex. 1, at 3, ECF No. 17-1.) In the notice, the Appeals Council advised Plaintiff of his right to seek judicial review of the ALJ's decision. (ECF No. 4-1, at 12.) The Appeals Council further stated: "**Time To File a Civil Action** . . . You have 60 days to file a civil action (ask for court review)." *Id.* Adding 5 days for mailing, the deadline for Plaintiff to seek judicial review was January 3, 2012. On January 11, 2012, Plaintiff wrote the Appeals Council and requested an extension of time in which to seek judicial review. (Def.'s Mot. Ex. 1, at 3, ECF No. 17-1.) The Court stamped Plaintiff's Complaint "RECEIVED" on January 20, 2012. (ECF No. 4.) Plaintiff filed his Complaint in this Court on January 24, 2012. *Id.* On April 13, 2012, the Appeals Council denied Plaintiff's request for an extension. (Def.'s Mot. Ex. 1, at 3, ECF No. 17-1.)

Defendant filed the instant Motion to Dismiss on April 17, 2012, in which he asks that the Court dismiss Plaintiff's Complaint as untimely. (ECF No. 17.) Defendant argues that Plaintiff filed his Complaint three weeks after the deadline for judicial review had passed, and that it should therefore be dismissed. In his Opposition to Defendant's Motion, Plaintiff avers that he did not realize that he sent his January 11th request for an extension to the Appeals Council after the deadline to seek review had already passed. (ECF No. 20, at 1.) He asserts that he is proceeding without the assistance of counsel, and that he does not understand Social Security laws. Plaintiff further asserts that he "spoke with SSA and they said [the request for extension] was OK." *Id.* at 2.

## II. ANALYSIS

The Undersigned concludes that Plaintiff's Complaint must be dismissed as untimely. Pursuant to Section 405(g) of the Social Security Act, a claimant "may obtain a review of [a final] decision [of the Commissioner] by a civil action commenced within sixty days after the mailing to [him] of a notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). Consistently, the implementing regulations provide that any such civil action "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual . . . , except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). The regulations further provide that "the date of receipt of [the Appeals Council's] notice of denial of request for review shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.*

The 60-day time limit for seeking judicial review of an adverse determination by the ALJ is not a jurisdictional bar, but rather it is a statute of limitations. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). Courts have strictly construed the 60-day statute of limitations. *See Amadasu v. Comm'r of Soc. Sec.*, 06-cv-584, 2009 WL 1542772 (S.D. Ohio May 28, 2009) (dismissing plaintiff's complaint that was filed three days late); *Cook*, 480 F.3d at 437 (affirming district court dismissal of complaint filed one day late); *Wiss v. Weinberger*, 415 F.Supp. 293, 294 (E.D. Pa. 1976) ("Even one day's delay in filing the action is fatal.").

When a Complaint is filed after the statute of limitations has expired, the plaintiff can avoid dismissal "only if he establishes exceptional circumstances warranting equitable tolling, a point on which [the plaintiff] bears the burden." *Kellum v. Comm'r of Soc. Sec.*, 295 Fed.Appx.

47, 49 (6th Cir. 2008) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). The United States Court of Appeals for the Sixth Circuit has set forth the following list of factors for a district court to consider when deciding whether equitable tolling applies:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook*, 480 F.3d at 437.

Here, Plaintiff does not contest that he filed his Complaint after the statute of limitations had already expired. The Appeals Council sent Plaintiff a letter on October 27, 2012 advising Plaintiff of its decision to deny review and of Plaintiff's right to seek judicial review within 60 days. Plaintiff is presumed to have received that letter five days later, on November 1, 2011. Therefore, the statute of limitations applicable to Plaintiff's Complaint expired on January 3, 2012.[1] Plaintiff did not file his Complaint until January 24, 2012.

In his Opposition, Plaintiff essentially asks the Court to excuse his untimeliness. As discussed above, the Court will excuse untimeliness only where equitable tolling applies. Upon consideration of the five factors set forth in *Cook*, the Undersigned concludes that equitable tolling does not apply here. First, Plaintiff had both actual and constructive notice of the 60-day filing requirement. In its October 27, 2012 letter, the Appeal Council advised Plaintiff as follows: "**Time To File a Civil Action** . . . You have 60 days to file a civil action (ask for court review)." Moreover, Plaintiff asked the Appeals Council to extend the 60-day deadline, albeit

---

[1] Although Saturday, December 31, 2011 comes 60 days after November 1, 2011, the Court was closed over the weekend and on Monday, January 2, 2012. Plaintiff thus had until January 3, 2012 to file his Complaint.

after the deadline had already passed, which further demonstrates that he knew the deadline existed.  Furthermore, Plaintiff did not exercise diligence in pursuing his rights.  Plaintiff asserts that his attorney quit in December, 2011.  (Pl.'s Op. 1, ECF No. 20.)  Still, Plaintiff waited until January 11, 2012 to seek an extension, and until January 24, 2012 to file his Complaint.  Although Plaintiff alleges that someone at the Social Security Administration assured him that his faxed correspondence requesting an extension was "OK," the fact remains that Plaintiff made his request after the statute of limitations had already expired.  Therefore, the Undersigned cannot conclude that Plaintiff exercised diligence in pursuing his rights.  Furthermore, permitting Plaintiff's claim to proceed at this late stage will prejudice Defendant.  Indeed, the purpose of the 60-day statute of limitations is to "move cases to speedy resolution in a bureaucracy that processes millions of claims annually."  *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).  While the hard-and-fast 60-day rule may appear harsh, it is necessary in a system tasked with processing millions of claims each year.  Finally, the fifth *Cook* factor does not apply in this case.  Plaintiff was not ignorant of the legal requirement of filing his claim.  He knew of the 60-day statute of limitations, yet he failed to timely file his Complaint.

   The Undersigned recognizes that Plaintiff is proceeding without the assistance of counsel and acknowledges his assertion that he lacks an understanding of Social Security law.  Although Courts generally extend greater latitude to *pro se* plaintiffs when construing legal documents, Courts have refused to extend the same leniency to circumstances of routine deadlines capable of comprehension by a lay person.  *See, e.g.*, *Jourdan v. Jabe*, 951 F.2d. 108, 109 (6th Cir. 1991) ("While *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to

straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.").

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**.  It is further **RECOMMENDED** that Defendant's alternative Motion for Summary Judgment be **DENIED** as moot.

### III.  PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: September 17, 2012             /s/ *Elizabeth P. Deavers*
                                     Elizabeth P. Deavers
                                     United States Magistrate Judge